UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PETER J. CRESCI, et al.,

    Plaintiffs,

v.

JOARRIE AQUINO, Individually,
MICHAEL A. SIGNORILE, JR.,
Individually, COUNTY OF HUDSON;
and John Does 1-4,

    Defendants.

Civ. No. 13-4695 (KM) (JBC)

**MEMORANDUM OPINION AND ORDER**

<u>**KEVIN MCNULTY, U.S.D.J.**</u>:

On June 7, 2017, defendants Aquino and Signorile filed a Rule 12(b)(6) motion (ECF no. 65) to dismiss the amended complaint. On June 16, 2017, defendant Hudson County filed a "cross-motion to dismiss pursuant to Rule 12(b)(6)" (ECF no. 67), essentially joining in with the motion of Aquino and Signorile. Now before the Court are the following two motions brought by plaintiff Peter Cresci:

    (a) motion (ECF no. 71) to strike Hudson County's cross-motion to dismiss; and

    (b) motion (ECF no. 69) for entry of default against Hudson County.
For the reasons expressed herein, both of Cresci's motions are denied.

At the root of both motions is Hudson County's insistence on the terminology "cross-motion." As I informed Hudson County in an earlier Opinion (ECF no. 60), a defendant who files a motion to dismiss in the wake of a similar motion by its co-defendants is not thereby making a "cross-motion." It is making its own motion to dismiss, or joining in that of its co-defendant. *See generally* Loc. Civ. R. 7.1(h) (defining cross-motion as one brought by the

1

*opponent* of the original motion, related in subject matter and noticed for the same date)

Cresci makes a great deal of this minor procedural point. A cross-motion, he says, is not a recognized "pleading under Fed. R. Civ. P. 7(a)." It must be struck, and, that being the case, Hudson County is in default.

I disagree. The nature of Hudson County's motion is perfectly clear. It is explicitly brought under Rule 12(b)(6), Fed. R. Civ. P., and the relief it seeks is dismissal of the Amended Complaint. For the most part, it simply incorporates the arguments of the motion of Aquino and Signorile for the same relief. The Federal Rules are to be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The object is to get to the merits. We are, or should be, beyond the pettifogging of the common-law pleading era.

Cresci adds that Hudson County's response to his Amended Complaint is in any event late. The Amended Complaint (electronically filed under the title "Amended Document") was filed on May 10, 2017. The ordinary time to respond is 21 days. *See* Fed. R. Civ. P. 12(a)(1). Hudson County's "cross-motion," however, was not filed until June 16, 2017. An actual cross-motion—which this was not—would have been timely on that date.[1] Hudson County's motion, in reality, was some 16 days late. (I note in passing that an automatic Clerk's extension of 14 days would have been available for the asking. *See* Loc. Civ. R. 6(b).)

Hudson County has appeared and participated in the case. No prejudice has been shown. I will excuse the lateness of the filing, which was a

---

[1] If it had been an actual cross-motion, Hudson County would have been required to file it with its opposing papers, at least ten days after the original motion of Aquino and Signorile was filed. *See* Loc. Civ. R. 7.1(d)(2) & (h) (usual "24-14-7" day rule for motion, response, and reply). Hudson County's motion was filed within 10 days after Aquino and Signorile filed their motion to dismiss on June 7, 2017. This may have been the source of Hudson County's confusion as to the deadline.

2

matter of just over two weeks, and was occasioned by an obvious procedural misunderstanding.

## ORDER

For the reasons set forth above,

IT IS this 19th day of September, 2017

ORDERED as follows:

1. The plaintiff's motion to strike (ECF no. 71) is DENIED.

2. The plaintiff's motion for entry of default (ECF no. 69) is DENIED.

3. Hudson County's "cross-motion" to dismiss (ECF no. 67) is deemed to be an ordinary motion. The plaintiff may file a response on the merits within 10 days,[2] and any reply shall be filed within 7 days thereafter.

**KEVIN MCNULTY**
**United States District Judge**

---

[2] Plaintiff's "motion to strike" Hudson County's motion did not automatically exempt him from responding to it, nor did it grant him an automatic extension of time to do so. I set this schedule in order to facilitate the forward movement of the case and a decision on the merits.

3