\* ORDER \*



**State of New Jersey**

PHILIP D. MURPHY
*Governor*

SHEILA Y. OLIVER
*Lt. Governor*

OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
25 MARKET STREET
PO Box 116
TRENTON, NJ 08625-0116

GURBIR S. GREWAL
*Attorney General*

MICHELLE L. MILLER
*Director*

June 3, 2019

<u>Via Electronic Filing</u>
Hon. James B. Clark, III, U.S.M.J
United States District Court - District of New Jersey
Martin Luther King Blvd. & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

    Re: <u>Cresci v. Aquino, et al.</u>
        2:13-CV-04695
        DOL# 18-63104

Dear Judge Clark:

I represent non-party witnesses Assistant Prosecutor Hernandez and former Assistant Prosecutor Carroll. I am writing to request the Court's intervention in a dispute regarding the location of depositions of my clients. Specifically, my clients request that the Court order that their depositions take place in the offices of the Hudson County Counsel.

I have been in communication with all counsel and *pro se* Plaintiff (who is trained as an attorney) regarding the depositions of my clients for some time now. I received a subpoena for Mr. Carroll in early May. On May 22, 2019, I advised all counsel and Plaintiff that Mr. Hernandez waived the need for a subpoena and began working with the parties to schedule my clients' depositions. Plaintiff advised the he was amenable to depositions on June 13, 2019. On Friday, May 31, 2019, I e-mailed Plaintiff and advised that "[m]y clients would like to have their depositions



HUGHES JUSTICE COMPLEX• TELEPHONE: 609-376-2814 • FAX: 609-633-8702
*New Jersey Is An Equal Opportunity Employer • Printed on Recycled Paper and Recyclable*

taken in the offices of the Hudson County Counsel. I'm certain that, in the spirit of good faith, you will find this acceptable." Plaintiff responded by advising me that "[w]e will take the depositions IAW with R.30 at 911 Kennedy Blvd, Bayonne on June 13, 2019."

In response, I conducted a search on Google to glean some information about this address. It appears to be a private residence. I have also been informed that Plaintiff's deposition was conducted at this location and that counsel found the surroundings unconducive for this formal proceeding. I therefore reached out to Plaintiff and asked him to reconsider the location. He has refused.

I do not believe it is appropriate to subject my clients to a deposition in a private residence, an inherently unprofessional environment, especially when other attorneys who have visited the location report that it lacks basic amenities.

The Federal Rules of Civil Procedure do not articulate a specific place where depositions are to occur. "Rather, pursuant to Rule 26(c)(1) & (2), the court has broad discretion to alter the place of a noticed deposition, upon good cause shown, to protect a party from undue burden or expense." *Brockway v. Veterans Admin. Healthcare Sys.*, No. 3:10-CV-719, 2011 WL 1459592, at *5 (D. Conn. Apr. 15, 2011) (citing *Buzzeo v. Board of Educ., Hempstead*, 178 F.R.D. 390, 392 (E.D.N.Y.1998)). *See also Reid v. Temple Univ. Hosp., Inc.*, 329 F.R.D. 531, 532–33 (E.D. Pa. 2019)Although the party seeking the deposition may usually select the location, that practice is not absolute. "[T]he district court, either through the magistrate or the district judge, has great discretion in designating the location of the taking of a deposition . . . and thus each application must be considered on its own facts and equities." *S. Seas Catamaran, Inc. v. Motor Vessel Leeway*, 120 F.R.D. 17, 21 (D.N.J. 1988), *aff'd sub nom. S. Seas Catamaran v. Motor Vessel Leeway*, 993 F.2d

878 (3d Cir. 1993) (citing *Thompson v. Sun Oil Company*, 523 F.2d 647, 650 (8th Cir.1975), and *Terry v. Modern Woodmen of America*, 57 F.R.D. 141, 143 (W.D.MO 1972)).

Courts consider three facts in considering questions such as this: the cost, convenience, and litigation efficiency of the designated location. *Brockway*, 2011 WL 1459592, at *5 (citing *Sloniger v. Deja*, No. 09–CV–858S, 2010 WL 5343184, at *5 (W.D.N.Y. Dec.20, 2010)). The analysis conducted by the *Brockway* court of these facts is particularly applicable here. There, any costs incurred by the plaintiff for minimal travel was deemed modest and, critically, appropriately borne by the plaintiff because was the one who brought the action. *Brockway*, 2011 WL 1459592, at *6. Similarly, the distance between the location selected by plaintiff and the office identified by my clients is minimal. Any minimal costs in the form of travel would be more appropriately borne by the plaintiff than the non-party witnesses.

> Next, "[f]actors relevant to convenience include convenience of counsel, the [Plaintiff's] residence, and the extent to which [Plaintiff's} affairs will be disrupted to and from the depositions." [*Dagen v. CFC Grp. Holdings Ltd.*, No. 00 CIV. 5682 (CBM), 2003 WL 21910861, at *3 (S.D.N.Y. Aug. 11, 2003)]; [*Mill-Run Tours, Inc. v. Khashoggi*, 124 F.R.D. 547, 550 (S.D.N.Y. 1989)]. In the case at bar, the [County Counsel's Office] is convenient to all parties concerned and especially [the non-party witnesses]. . . . [A]ll counsel, witnesses, and parties may travel easily to the site, experiencing no undue interruption or inconvenience in their schedules. Granted, plaintiff will have to leave his home, but there is no indication in the record that he is immobilized or otherwise unable to make such a brief trip.

*Brockway*, 2011 WL 1459592, at *6.

As to litigation efficiency, a professional environment is far more conducive to this. There will be photocopy machines to copy documents if any are needed, there will be space for counsel to confer with their clients, and a conference system to call the Court if *ad hoc* intervention is necessary. *See id.*

Accordingly, non-party witnesses Hernandez and Carroll ask this Honorable Court to issue an order mandating that their depositions be conducted in the offices of the Hudson County Counsel.

Thank you for your kind attention to this matter. I note that, if the Court is unable to rule on this in the coming days I expect that we will need to adjourn the depositions to a later date.

Respectfully yours,

GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY

By: /s/   Shmuel Bushwick
Shmuel Bushwick
Deputy Attorney General

**REGULAR AND CERTIFIED OR OVERNIGHT MAIL TO PRO SE PARTY**

cc:   Peter Cresci, Esq.
Michael Sarno, DAG
Michael Dermody, Esq.

\* Plaintiff shall conduct the depositions of Hernandez and Carroll at the federal courthouse in Newark, NJ. Plaintiff shall contact the Court to reserve a suitable room.

SO ORDERED
s/James B. Clark
James B. Clark, U.S.M.J.
Date: 6/4/2019